
Jason M. Drangel (JMD 7204)
Robert L. Epstein (RLE8941)
William C. Wright (WCW 2213)
EPSTEIN DRANGEL LLP
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 2410
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 07 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROVIO ENTERTAINMENT LTD
fka ROVIO MOBILE OY
Plaintiff

v.

XYZ TOY CORP
GREENVIEW PRODUCTS, CORP.
JIAN QING ZHU aka JENNY ZHU
and WEIJIAN WU aka LARRY XI
Defendants

12: CIV -0563(JFB)

**FILED UNDER SEAL**

## SEIZURE ORDER; TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; SUBSTITUTE CUSTODIAN ORDER; EXPEDITED DISCOVERY ORDER; <u>AND ORDER TEMPORARILY SEALING THE COURT FILE</u>

On this day, the Court considered Plaintiff's Emergency *Ex Parte* Application for (1) Seizure Order, (2) Temporary Restraining Order, (3) Order to Show Cause Why a Preliminary Injunction Should Not Issue, (4) Substitute Custodian Order, (5) Expedited Discovery Order, and (6) Order Temporarily Sealing the Court File, and Memorandum of Law in Support ("Application") and Plaintiff's Emergency Motion to Temporarily File this Case under Seal ("Motion"). Having

1

reviewed the Application, the Declarations and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

1. Plaintiff Rovio Mobile Oy ("Plaintiff" or "Rovio") is the owner of all rights in and to the following United States Copyright Registrations: VA1769078, VA1778702, VA1778705, VA1778703, VA1776995, VA1776992, VA1769080, VA1064249, VA1777195 (collectively referred to herein as the "Copyrights").

2. Plaintiff's Copyrights relate to and are associated with its Angry Birds products, including its high quality round plush Angry Birds toys (collectively referred to herein as the "Angry Birds Plush Line" or "Copyrighted Works").

3. Plaintiff's Copyrighted Works are sold in the United States.

4. Defendants XYZ Toy Corp, Greenview Products Corp., Jian Qing Zhu aka Jenny Zhu and Weijian Wu aka Larry Xi (collectively the "Defendants") have reproduced, copied, displayed and/or manufactured Plaintiff's Copyrighted Works by advertising, promoting, importing, manufacturing, offering for sale, selling and/or distributing related products that, at a minimum, are substantially similar to Plaintiff's Copyrighted Works.

5. Defendants are not now, nor have they ever been, authorized or licensed to use, copy, manufacture, reproduce, display, prepare derivative works, distribute, sell, transfer, rent or market related products that, at a minimum, are substantially similar to Plaintiff's Copyrighted Works.

6. Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendants' advertising, promoting, importing, manufacturing, offering for sale, selling and/or distributing related products that, at a minimum, are substantially similar to Plaintiff's Copyrighted Works.

2

7. Plaintiff is likely to suffer an immediate and irreparable injury if a temporary restraining order and a seizure order are not granted. It clearly appears from the following specific facts, as set forth in the Declarations and other evidence on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

(1) Defendants have offered for sale and sold low quality products that, in violation of Plaintiff's rights, infringe Plaintiff's Copyrighted Works;

(2) Plaintiff has well-founded fears that more products infringing its Copyrighted Works will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products, resulting in the consequent injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its genuine products; and

(3) Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will (i) secret, conceal, destroy, sell-off, or otherwise dispose of goods allegedly infringing Plaintiff's Copyrighted Works, the means of obtaining or manufacturing such goods, and records relating thereto that are in their possession or under their control, and/or (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off, or otherwise dispose of goods allegedly infringing Plaintiff's Copyrighted Works, the means of obtaining or manufacturing such goods, and records relating thereto that are in their possession or under their control.

8. The balance of potential harm to Defendants if a temporary restraining order, seizure order, and substitute custodian order are issued is far outweighed by the potential harm to Plaintiff if they are not issued.

9. The public interest favors issuance of the temporary restraining order and seizure order.

10. If Defendants are given notice of the application for a temporary restraining order and seizure order, they are likely to destroy, move, hide, or otherwise make inaccessible to Plaintiff and the Court the matter to be seized.

11. The alleged infringing goods, the means of obtaining or manufacturing such goods, and business records related to the alleged infringing goods to be seized will likely be found at XYZ Toys Corp. / Greenview Products Corp., 290 Duffy Avenue, Unit G, Hicksville, N.Y.

12. Plaintiff has given reasonable notice of its Application for an *ex parte* seizure order to the United States Attorney for this Judicial District pursuant to 15 U.S.C. § 1116(d)(2), as required by 17 U.S.C. § 503(a)(3).

13. Plaintiff has not publicized the requested seizure in any way.

14. For all of the foregoing reasons, an order other than an *ex parte* seizure order is not adequate to achieve the purposes of 17 U.S.C. § 503.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby granted as follows:

### I. Temporary Restraining Order

A. Pending the hearing and determination of Plaintiff's application for a preliminary injunction referenced in Paragraph "P" below, Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of them are hereby temporarily restrained:

(1) from manufacturing, importing, copying, advertising, promoting, offering to sell, selling, distributing or transferring any plush toys that are substantially similar to Plaintiff's Copyrighted Works;

(2) from communicating, directly or indirectly, with any person or persons (i) from whom Defendants purchased or obtained any plush toys products that are substantially similar to Plaintiff's Copyrighted Works; or (ii) to whom Defendants sold or offered to sell such products; or (iii) whom Defendants know or reasonably believe to possess, control, or have access to any such products;

(3) from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products that allegedly infringe Plaintiff's Copyrighted Works; and (ii) any records or other evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products that allegedly infringe Plaintiff's Copyrighted Work; and

(4) knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs A(1) through A(3) above.

## II. Seizure Order

B. Pursuant to 17 U.S.C. 503(a) [applying 15 U.S.C. § 1116(d)(9)], the United States Marshal or other Federal law enforcement official (such as officers or agents of the United States Immigration and Customs Enforcement, Secret Service, Federal Bureau of Investigation, or United States Post Office) or a State or local law enforcement officer (on or off duty), shall carry out the seizure as provided herein, and Defendants shall surrender for seizure (1) all products allegedly infringing Plaintiff's Copyrighted Works; together with (2) all documents,

things, and records of any kind relating to the importation, purchase, acquisition, manufacture, insurance of, advertising, promotion, sale, offering for sale, distribution or transfer of such products, including, but not limited to, computer disks, CD ROMs, computer hardware, and other magnetically or electronically stored information (including password information); and all manufacturing or packaging equipment, molds, matrices, computers, computer software, and any other means of making the same, including, but not limited to, any molds, designs or machinery designed for the purpose of making products that allegedly infringe Plaintiff's Copyrighted Works or any parts of the foregoing. The law enforcement officers executing this Seizure Order may look for the documents and things to be seized and may appoint any other persons, including Plaintiff's counsel, investigators, and Plaintiff's representatives, to assist in the execution of this Seizure Order.

  C. The seizure should be carried out at the location identified in Paragraph "11" above, and any unknown business locations operated by any Defendants, including any warehouses, storage facilities, or offices where any Defendants are warehousing, holding, or storing products that allegedly infringe Plaintiff's Copyrighted Works, the means of obtaining or manufacturing such products, and/or documents relating thereto.

  D. Any materials seized by the law enforcement officials executing this Seizure Order shall be delivered up into the custody of the following temporary custodians appointed by the Court (Plaintiff's counsel, Jason M. Drangel, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2410, New York, NY 10165) pending the hearing provided for herein, pursuant to 17 U.S.C § 503(a)(3) [applying 15 U.S.C. §1116(d)(10)]. The seized products shall be subject to the following protective order: access to the seized products shall be initially restricted to Plaintiff's counsel, Defendants and Defendants' counsel, provided, however, Plaintiff shall be allowed to

examine samples of the seized products described in Paragraph B(1), specifically, all allegedly infringing products, but excluding those seized products described in Paragraph B(2), for authenticity at its facilities and shall return to Defendants or their counsel, all genuine products, if any.

    E.    The seizure shall take place no later than fourteen (14) days after the issuance of this Order, pursuant to 17 U.S.C § 503(a)(3) [applying 15 U.S.C. § 1116(d)(5)(C)].

    F.    Pursuant to 17 U.S.C § 503(a)(3) [applying 15 U.S.C. § 1116(d)(5)(D)], Plaintiff shall post a bond, cash or a certified or attorney's check in the amount of $5,000.00 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

    G.    A seizure order hearing under 17 U.S.C § 503(a)(3) [applying 15 U.S.C. § 1116(d)(10)(A)] shall take place in Courtroom 920, United States District Courthouse, 225 Cadman Plaza E, Brooklyn, New York 11201, not sooner than ten (10) days after this Order is issued and not later than fifteen (15) days after the Order is issued, namely, on the 21st day of February, 2012, at 4:00 p.m. unless Plaintiff shows good cause for another date or unless Defendants consent to another date.

    H.    Plaintiff and/or its designees shall be permitted to videotape and take photographs and notes of the seizure.

    I.    The U.S. Marshals, or any other law enforcement officer, is authorized to use reasonable force necessary to effect the seizure ordered (including breaking open entrances to buildings and rooms therein) and to inspect the contents of any rooms, warehouses, closets, safes, cabinets, furniture, containers, and desks at or within the locations identified in Paragraph "C" above within this Judicial District.

7

J.  Plaintiff shall hold harmless the United States Marshal's Office and other law enforcement agencies and their employees from any and all claims asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendants' property, including any third party claims.

K.  Only the items listed in this Order shall be seized and impounded, and due care shall be taken by the United States Marshal or other law enforcement officers and their appointed assistants to preserve and keep in good order Defendants' property and assets which are not related to the manufacture, packaging, or distribution of the alleged infringing products referred to above.

L.  At the time of the seizure all items shall be appropriately marked for identification, and Defendants shall be given a receipt and/or inventory list thereof. In addition, the United States Marshal or other law enforcement officer shall file an inventory list with the Court within forty-eight (48) hours after the seizure has been carried out.

M.  Pursuant to 17 U.S.C § 503(a)(3) [applying 15 U.S.C. § 1116(d)(8)], this Order, together with the supporting documents, shall be sealed until Defendants have an opportunity to contest this Order, except that Defendants shall have access to this Order and supporting documents after the seizure has been carried out.

### III. Expedited Discovery Order

N.  Pursuant to 17 U.S.C § 503(a)(3) [applying 15 U.S.C. § 1116(d)(10)(B)] and Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiff's request for expedited discovery to enable them to prepare for the hearing provided for in Paragraph "P" below is GRANTED. Specifically, Defendants shall produce documents responsive to Plaintiff's First Request for the Production of Documents no later than seven (7) days after service thereof and of

the Seizure Order and all related papers, and Defendants, individually or through Fed. R. Civ. P. 30(b)(6) representatives, shall appear for deposition upon three (3) days notice from Plaintiff.

### IV. Compliance Report

O.     Defendants shall file with the Court and serve on counsel for Plaintiff within five (5) days after the seizure authorized by Paragraph "B" above, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with this Order.

### V. Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

P.     Upon the Complaint herein and Plaintiff's Application for Order to Show Cause Why a Preliminary Injunction Should Not Issue, Defendants are hereby ORDERED to show cause before this Court in the Courtroom referenced in Paragraph "G" above on February 21, 2012, at 10:00 a.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue restraining and enjoining Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such order or injunction by personal service or otherwise, from engaging in any of the following acts or omissions pending the final hearing and determination of this action:

(1)     from manufacturing, importing, copying, advertising, promoting, offering to sell, selling distributing or transferring any plush toys that are substantially similar to Plaintiff's Copyrighted Works; and

(2)     from otherwise unfairly competing with the Plaintiff.

Q.     Service or delivery of copies of this order and the papers in support thereof on Defendants or their attorney at the time of the seizure, or within three (3) days after the seizure if

9

there is no party present at the seizure that is authorized to accept service, shall be given and as so given shall be deemed good and sufficient service thereof.

R. Opposing papers, if any, shall be filed with the Court and served by hand on Plaintiff's counsel on or before February 16, 2012. Plaintiff shall file any Reply Memorandum on or before February 20, 2012.

S. Defendants are hereby on notice that failure to appear at the show cause hearing may result in the imposition of a preliminary injunction against it pursuant to Fed. R. Civ. P. 65.

### VI. Seal Order

T. It is further ORDERED that Plaintiff's Emergency Motion to Temporarily File this Case under Seal is GRANTED. Accordingly, the Court file in this cause shall remain sealed until after the seizure authorized in Paragraph "B" above has been carried out.

### VII. BANK ACCOUNTS

U. It is further ORDERED pursuant to FRCP 64 and 65 and CPLR 6201, the attachment of all banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the transfer of real or personal property ("Financial Institutions") of Defendants and enjoining Defendants, their agents, servants, employees, attorneys, Financial Institutions and all persons in active concert or participation with them who receive actual notice of this Order from transferring or withdrawing any funds from those accounts, except in the ordinary course of lawful business, pending a further order of this Court.

V. It is further ORDERED pursuant to FRCP 64 and 65 and CPLR 6201, that any banks, savings and loan associations, credit card companies, credit card processing agencies,

[Handwritten annotation: The Court denies this request because of insufficient evidence at this juncture of a likelihood of dissipation of assets pending preliminary injunction hearing.]



10

merchant acquiring banks, financial institutions, or other companies or agencies that engage in the transfer of real or personal property, who receive actual notice of this Order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody or control, regardless of whether such records are located in the United States or abroad, concerning assets and financial transactions of Defendants or any other entities acting on concert or participation with Defendants, and that such records shall be produced within ten (10 business days of receiving actual notice of this Order unless such entity applies tot his Court for relief from the terms of this paragraph within seven (7) days of service of this Order.

**SO ORDERED.**

SIGNED this ___ day of __February__, 2012, at __2:18__ p.m.

_____
UNITED STATES DISTRICT JUDGE

11