**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 17 2012 ★

LONG ISLAND OFFICE

Jason M. Drangel (JMD 7204)
Robert L. Epstein (RLE 8941)
William C. Wright (WCW 2213)
EPSTEIN DRANGEL LLP
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 2410
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROVIO ENTERTAINMENT LTD
fka ROVIO MOBILE OY,

    Plaintiff,

-against-

XYZ TOY CORP, GREENVIEW PRODUCTS, CORP.,
JIAN QING ZHU aka JENNY ZHU, and WEIJIAN WU
aka LARRY XI,

    Defendants.
------------------------------------------------------------X

Civil No.: 12-CV-0563 (JFB)

## FINAL JUDGMENT UPON CONSENT

**WHEREAS**, Plaintiff filed a Complaint in this action charging, inter alia, XYZ Toy Corp., ("XYZ"), a New York corporation, having a place of business at 290 Duffy Avenue, Hicksville, NY 11801; Greenview Products Corp., ("Greenview"), a New York corporation, having a place of business at 290 Duffy Avenue, Hicksville, NY 11801; and Jian Qing Zhu [aka Jenny Zhu], ("Zhu"), 290 Duffy Avenue, Hicksville, NY 11801 (Zhu, XYZ and Greenview are collectively referred to as "Defendants"); with copyright and trademark infringement, unfair competition and other claims based upon the wrongful sale of plush toys allegedly infringing Rovio's intellectual property in Angry Birds products; and,

1

WHEREAS, Plaintiff also moved for and obtained a Temporary Restraining Order and Preliminary Injunction ordering Defendants in this action to restrain from purchasing, manufacturing and selling products deemed to infringe upon Rovio's intellectual property rights in Angry Birds products; and,

WHEREAS, Defendants appeared and filed an Answer to Plaintiff's Complaint, denying all material allegations therein and disputing Plaintiff's claims against Defendants; and,

WHEREAS, Plaintiff dismissed this action with prejudice as against Defendant Weigian Wu [aka Larry Xi] only;

WHEREAS, Plaintiff and Defendants having simultaneously entered into a Confidential Settlement Agreement and Mutual Release; and the parties hereto desiring to fully settle all of the claims in this action, without any admission of liability or wrongdoing whatsoever; and, Defendants having agreed to consent to the below terms of a permanent injunction or such other terms as the Court may So Order, it is hereby:

**ORDERED, ADJUDGED AND DECREED** as among the parties hereto that:

1. The above recitals are true and correct and are hereby incorporated into and made part of this Final Judgment.
2. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof.
3. Plaintiff produces, sells and distributes consumer products under the ANGRY BIRDS trademarks (cumulatively referred hereinafter as "Marks").
4. Plaintiff owns United States Copyright Registrations relating to its products. (cumulatively hereinafter referred as "Copyright Work")
5. Plaintiff has never authorized or consented to the use of its Marks or any confusingly similar marks by Defendants; nor has Plaintiff authorized Defendants to manufacture, copy, sell, or distribute any product containing any Copyright Work.

6. Plaintiff has alleged that Defendants were manufacturing, distributing and selling plush toys comprising infringements of Plaintiff's Copyright Works ("Infringing Products"), and that such acts constitute copyright infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1114 and 1125, among other claims.

7. Defendants and their employees, agents, servants, successors and assigns and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from manufacturing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping, marketing or incorporating in advertising Infringing Products and/or any other products that infringe or otherwise violate Rovio's Marks and Copyright Works or otherwise unfairly compete with Plaintiff.

8. The parties have agreed to a confidential settlement incorporated herein by reference ("Confidential Settlement Agreement").

9. In the event Defendants fail to comply with the terms and conditions of this Final Judgment and the Confidential Settlement Agreement, Plaintiff may seek an entry of judgment against Defendants.

10. The execution of this Final Judgment by counsel for the parties and the Confidential Settlement Agreement by the parties shall serve to bind and obligate the parties hereto.

11. The Preliminary Injunction Order entered on or about March 14, 2012 against Defendants is hereby vacated.

12. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the enforcement of this Final Judgment. Except as otherwise provided herein, this action is fully resolved with prejudice in regard to the Defendants.

13. This Final Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

3

14. This Final Judgment may be executed in two or more counterparts each of which shall be deemed an original, including facsimile, copy or email forms, but of all which together shall constitute one and the same document.

Dated: July 17, 2012

EPSTEIN DRANGEL LLP

By: _____
Jason Drangel
Attorneys for Plaintiff
60 East 42nd Street, Suite 2410
New York, NY 10165
ph: 212-292-5390
fax: 212-292-5391
mail@ipcounselors.com

Dated: July 9, 2012

The Law Firm of Hugh H. Mo, P.C.

By: _____
Hugh H. Mo
Attorneys for Defendants
225 Broadway, Suite 2702
New York, New York 10007
(212) 385-1500 (t)
(212) 385-1870 (f)
hhmo8@verizon.net

## ORDER

**THIS FINAL JUDGMENT UPON CONSENT IS SO ORDERED.**

The Clerk of the Court shall close the case.

Dated: New York, New York
July 17, 2012

_____
United States District Judge

4